# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/2020

**MEMO ENDORSED**

March 9, 2020

*[Handwritten endorsement:]* 3/10/2020 Hearing adjourned at defense request to April 8, 2020 at 10AM. Defendant's motion to be released o/ additional conditions is DENIED. In regard to defendant's complaint that he is not receiving his medication, the Court has contacted BOP Counsel for the MCC to ~~assure~~ ensure defendant receives his medication.

*[Signed]* Colleen McMahon

Honorable Colleen McMahon
United States Chief Judge
Southern District of New York
United States Courthouse
500 Pearl Street- Suite 2550
New York, New York 10007

Re:  **United States v. Antonio Brown**
     **15 Cr. 623 (CM)**

Your Honor:

A supervised release violation hearing for Mr. Brown is scheduled for March 11, 2020. For the following reasons, we ask the Court to adjourn the supervised release violation hearing for approximately two weeks and restore Mr. Brown to supervised release with the additional condition of home detention with electronic monitoring until the date of the adjourned hearing.

**Procedural History**

After serving a 30 month sentence for possessing a firearm, Antonio Brown began serving a three year term of supervised release on October 26, 2017. On July 8, 2018, Mr. Brown was arrested and charged in New York State with several crimes relating to inappropriately touching the eight year-old daughter of his girlfriend. He was released on bail and an Order of Protection was issued.

On August 14, 2019, the Probation Office filed a petition alleging that Mr. Brown had violated the conditions of his supervised release based on the New York State charges.[1] The statutory maximum penalty for the alleged violations is two years imprisonment.

---

[1] On August 29, 2019, an Amended Violation Petition was filed, adding an allegation that he committed a New York State crime by violating an Order of Protection issued on July 8, 2019.

Honorable Colleen McMahon  
United States Chief Judge  
Southern District of New York

Page 2  
March 9, 2020

**Re:  United States v. Antonio Brown**  
     **15 Cr. 623 (CM)**

On August 23, 2019, Mr. Brown was arrested on the supervised release charges and taken into federal custody. Although he had been granted bail on the underlying state charges, he was ordered detained by Magistrate Judge Gorenstein on the ground that he was a danger to the community.

On January 7, 2020, the Court scheduled a Violation of Supervised Release hearing for Mr. Brown for February 6, 2020. The hearing was subsequently adjourned until March 11, 2020.

The government produced a substantial amount of discovery for the hearing on January , 2020. On February 24, 2020, the government supplied defense counsel with Jencks Act material for the witnesses it intends to call at the hearing.

## An Adjournment of at least Two Weeks is Necessary to Allow Mr. Brown and his Counsel to Adequately Prepare for the Violation Hearing

We are requesting an adjournment of at least two weeks because the recent look-down at the Metropolitan Correctional Center has prevented counsel from meeting with Mr. Brown to review the §3500 material and to prepare with him for the hearing.

The Metropolitan Correctional Center was locked down on February 27, 2020 and no legal visits were permitted. The look-down remained in effect until at least March 8, 2020.

Neither I, nor my co-counsel, Marisa Cabrera ,was t able to see Mr. Brown until March 6, 2020. On that date, we were able to arrange to have Mr. Brown produced for a legal visit at the Marshal's lockup at 500 Pearl Street.

When we did finally get to see Mr. Brown, he was in a very emotional state and it was all but impossible to discuss the details of his case with him.

Mr. Brown advised that he had been locked in his cell on the 11 North Unit for 24 hours a day since February 27, 2020. During that time, he was not allowed to shower. He and his fellow prisoners received only cold food. No one was allowed any access to the law library or to any legal materials. He could not contact any family members.

Mr. Brown began to cry as he described his cell as infested with cockroaches and rats. Mr. Brown also stated that he had not been receiving Zypreza (a prescribed anti-psychotic) and had not been able to sleep for the last three days.

Honorable Colleen McMahon  
United States Chief Judge  
Southern District of New York

Page 3  
March 9, 2020

**Re:  United States v. Antonio Brown**  
**15 Cr. 623 (CM)**

Given Mr. Brown's lack of access to his lawyers over the past ten days and the abysmal conditions he has been subjected to, an adjournment is necessary for Mr. Brown to receive the effective assistance of counsel and a fair hearing.

**Mr. Brown should be Restored to Supervised Release pending his Violation Hearing.**

In light of the appalling conditions at the M.C.C. and the interference with Mr. Brown's access to counsel, we ask that the Court restore Mr. Brown to supervised release under the original conditions and with an additional condition of home detention with electronic monitoring.

Mr. Brown has been held for about 6 and ½ months on supervised release violation charges that allow for a maximum term of imprisonment of two years. He has been granted bail on the underlying New York State charges. No trial date has been set for his New York State case and he was not produced for a March 14, 2020 New York State proceeding because of the look-down at the Metropolitan Correctional Center.

We recognize that the allegations against Mr. Brown are serious. But, Mr. Brown strenuously denies that he had any inappropriate contact with his girlfriend's daughter. There is no physical evidence to support the charges and neither Administration for Child Services or the examining doctor noted any emotional or psychological conditions that would be consistent with sexual abuse. Moreover, at the age of 38, Mr. Brown has never previously been accused of any kind of sexual misconduct or pedophilia.

Mr. Brown has also demonstrated that he can comply with conditions of release. Prior to his arrest, Mr. Brown had completed almost two years of his three year period of supervised release. The August 29, 2019 Amended Violation Report notes that he had been maintaining a "stable residence" at his mother's home in Brooklyn and that he was working as a barber. The report also notes that he had successfully completed a mental health program and that he was participating in outpatient drug treatment.

For the above reasons, allowing Mr. Brown to return to his mother's home with a condition of home detention and electronic monitoring would be sufficient to assure the safety of the community. Releasing him from prison would also assure his ability to meet with his lawyers and prepare his defense.

Honorable Colleen McMahon  
United States Chief Judge  
Southern District of New York

Page 4  
March 9, 2020

**Re:  United States v. Antonio Brown**  
      **15 Cr. 623 (CM)**

Respectfully submitted,

Mark B. Gombiner  
Attorney for Antonio Brown

cc: A.U.S.A. Jun Xiang